**YA ZHI LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 05–6821–ag.

United States Court of Appeals, Second Circuit.

Sept. 1, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Robert Francis Cryne, Assistant United States Attorney, Omaha, Nebraska, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Ya Zhi Lin petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Robert D. Weisel's denial of her application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Ya Zhi Lin*, No. A 78 471 334 (B.I.A. Dec. 8, 2005), *aff'g*, No. A 78 471 334

(Immig. Ct. N.Y. City May 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision but rejects part of the IJ's reasoning, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the .... argument[s] for denying relief that [were] rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

Here, the BIA agreed with the IJ that "the record does not support" Lin's argument that "the birth of her children in the United States will lead to persecution in China." It further noted that the United States State Department Report indicated that in many regions, the birth of a second child is allowed if the first child is a girl, and that those who violated that family planning policy were often assessed fines, but not coerced into compliance. An examination of the record reveals, however, that the report relied upon by the BIA was not in fact a United States State Department Report but rather one commissioned by the Immigration and Naturalization Service as part of its "Perspective Series" and one which petitioner introduced into evidence.

While we are troubled by the BIA's treatment of this report as thought it were an official government document, Lin does not on appeal take issue with it or with the BIA's reliance on its findings. In fact, in her appellate brief, petitioner herself repeatedly cites the report. It is inappropriate to overturn the BIA's misidentification of the report where petitioner entered it into evidence herself and on appeal has not urged reversal on this ground. Indeed, although Lin was not required to exhaust this issue for appeal because the BIA

adopted this position at the final agency determination stage, she has waived the argument by not asserting it before us. *United States v. Babwah*, 972 F.2d 30, 34 (2d Cir.1992) ("[A]n argument not raised on appeal is deemed abandoned."). Having reviewed the entire record including the report, we find that the BIA's determination was supported by substantial evidence.

Finally, we will not review Lin's challenge of the agency's denial of her CAT claim because she did not exhaust that issue at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED.